## Department of Public Assistance v. Kane, Admr., et al.

*G. G. Martin*, for plaintiff.
*McGill & McGill*, for defendants.

McCRACKEN, P. J., June 26, 1940.—Plaintiff entered suit against defendants to recover $582. Defendants have answered by an affidavit of defense raising questions of law. Plaintiff insists that this action is at common law to recover a debt.

The Practice Act of May 14, 1915, P. L. 483, provides for two forms of actions, trespass and assumpsit. From the statement of claim it appears that plaintiff should sue in assumpsit. The appellate courts have not passed

upon the question presented here. However, similar suits have been brought in the courts of common pleas in other counties of the Commonwealth. All these have been titled as assumpsit actions.

It is alleged by plaintiff that it "paid to decedent, Mary A. Davidson, of Cherrytree Township, Venango County, Pa., as old-age assistance, from October 1936 to January 1939, inclusive, a period of 28 weeks, the sum of $582." There is nothing in the statement alleging any liability on the part of decedent to repay the sum so paid. It is also to be noted that nowhere is there any allegation fastening any individual or personal liability on Bessie Proper or on William B. Proper. Again there is nothing alleged showing or tending to show the jurisdiction of this court over the two defendants last named.

And now, June 26, 1940, the affidavit of defense raising questions of law is sustained, and plaintiff is granted 30 days from this date to file an amended statement of claim in conformity with the views herein expressed.